IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 61 PARK AVENUE, WINDSOR, CT AND YAHOO ACCOUNT dmckemmie225@yahoo.com | Case No. 3:18mj1977(SALM) <br><br> **Filed Under Seal** <br><br> December 18, 2018 |

## AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR A SEARCH AND SEIZURE WARRANT

I, Daniel Prather, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, Hartford Field Office, having been duly sworn, state:

### INTRODUCTION

1.      I am a Special Agent employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). As such, I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, an officer empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Section 2516 of Title 18. I have been employed by ATF for approximately fourteen years, the last twelve years as a Special Agent. I have a Bachelors of Art degree in Criminal Justice, and have completed the Criminal Investigator Training Program and the ATF Special Agent Basic Training program, both of which are conducted at the Federal Law Enforcement Training Center in Glynn County, Georgia. I have received specialized training in firearms identification and the investigation of firearms-related offenses. I have participated in investigations involving the unlawful possession of firearms by prohibited persons, including persons who are previously convicted felons; the possession of firearms in furtherance of the distribution of narcotics; and

1

the use of firearms in the commission of violent acts. I have participated in investigations involving individuals who unlawfully possess firearms, of individuals illegally selling firearms, and of individuals distributing illegal drugs. As such, I have coordinated the controlled purchases of illegal firearms and narcotics utilizing confidential sources, cooperating witnesses and undercover law enforcement officers; written, obtained and coordinated the execution of search and arrest warrants pertaining to individuals involved in the illegal possession and distribution of firearms and narcotics; conducted electronic and physical surveillance of individuals involved in illegal drug distribution; analyzed records documenting the purchase and sale of firearms and illegal drugs; provided testimony, both in Grand Jury proceedings and District Court proceedings; and spoke with informants and subjects, as well as local, state and federal law enforcement officers, regarding the manner in which individuals obtain, finance, store, manufacture, transport, and distribute their illegal firearms and drugs. In addition, I have been involved in the investigation of street gangs, including gangs with a national presence as well as locally-based gangs. I have received training, both formal and on-the-job, in the provisions of the federal firearms and narcotics laws administered under Titles 18, 21 and 26 of the United States Code.

2. I am currently assigned to the ATF Hartford Field Office and have been conducting an ongoing investigation into David MCKIMMIE Jr. This investigation is driven by possible violations of Title 18, United States Code, Sections 922(g)(1) (possession of a firearm by a convicted felon) and 922(o) (possession of a machinegun), Title 26, United States Code, Sections 5861(b) (possession of an unregistered National Firearms Act firearm) and 5861(f) (manufacture of an NFA firearm).

3. This affidavit sets forth facts and evidence that are relevant to the requested search and seizure warrant, but does not set forth all of the facts and evidence that I have gathered during the course of the investigation of this matter. Rather, I have only set forth the facts that are necessary to establish probable cause to support the issuance of the search and seizure warrant.

4. I submit this affidavit in support of an in support of two search warrants: (1) 61 Park Avenue, Windsor, Connecticut (the "TARGET PREMISES"); and (2) information associated with dmckemmie225@yahoo.com (the "TARGET ACCOUNT") stored at the premises controlled by Yahoo, 701 First Avenue, Sunnyvale, CA 94089. The locations to be searched are described in the following paragraphs and in Attachments A1 and A2.

5. This affidavit is made in support of an application for search warrant under Rule 41 of the Federal Rules of Criminal Procedure to allow the government to seize evidence located at the TARGET PREMISES, as set forth in Attachments B1 and B2.

6. This affidavit is also made in support of an application for a search warrant of the TARGET ACCOUNT pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Yahoo to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachments B1 and B2, government-authorized persons will review that information to locate the items described in Section II of Attachments B1 and B2.

7. For the reasons set forth herein, I have probable cause to believe and I do believe, that the items described in Attachments B1 and B2, which constitute evidence, contraband, fruits, or instrumentalities of violations of Title 18, United States Code, Sections 922(g)(1) (possession of

a firearm by a convicted felon) and 922(o) (possession of a machinegun), Title 26, United States Code, Sections 5861(b) (possession of an unregistered National Firearms Act firearm) and 5861(f) (manufacture of an NFA firearm) exist at the TARGET PREMISES and within the TARGET ACCOUNT.

## INVESTIGATION BACKGROUND

8. In January of 2018, the ATF Seattle Field Division began receiving inquiries regarding parts made by JNC Manufacturing of Rainier, Oregon. A subsequent investigation determined that from approximately January of 2010 through April of 2018, JNC Manufacturing had been manufacturing and distributing Glock Machine Gun Conversion Kits. Each of these kits manufactured by JNC Manufacturing were determined by ATF to be, "a combination of parts designed and intended for use in converting a semiautomatic weapon into a machinegun", and are machineguns as defined in Title 26 U.S.C., § 5845(b). In July of 2018, representatives from ATF met with JNC Manufacturing and obtained a customer list of all individuals who had purchased Glock Machine Gun Conversion Kits from JNC Manufacturing, from February of 2017 through March of 2018. The list included purchaser names and addresses but did not include dates of purchase or additional identifiable data.

9. During the week of November 18, 2018, the ATF Hartford received a referral of information from the ATF Seattle Field Office stating that a Glock Machine Gun Conversion Kit had been purchased by David MCKEMMIE of 61 Park Avenue in Windsor, CT[1].

---

[1] As noted above, this part was determined by ATF to meet the definition of a part designed to convert a semi-automatic firearm into a full automatic machinegun and is itself considered a machinegun. Therefore, possession of said item in and of itself would be considered a violation of Title 18 U.S.C 922(o) and Title 26 5861(d). In addition to these violations, were MCKEMMIE to possess this item he would also be in violation of 18 U.S.C 922(g)(1), as he is a convicted felon and not allowed to possess any firearms.

4

10. An open source query for 61 Park Avenue in Windsor, CT determined that, among others, the address history showed a David McKemmie Sr. and a David MCKEMMIE Jr as having resided there. McKemmie Sr.'s history shows him listing a different residence since approximately 2007 while MCKEMMIE Jr.'s history shows him listing 61 Park Avenue through December of 2018. Further inquiry shows that the listed owner of 61 Park Avenue is Frank Peters, MCKEMMIE Jr.'s maternal grandfather.

11. A criminal history query for MCKIMMIE Jr. shows he has a prior arrest for Illegal Bomb Making that was subsequently disposed of as Reckless Endangerment and a felony conviction for Robbery 1st.

12. On November 27, 2018, this affiant observed two vehicles parked at the rear of 61 Park Avenue. One of the vehicles was registered to Frank Peters and the second was registered to David MCKEMMIE Jr. Further, a query with the State of Connecticut office of Adult Probation showed that David MCKEMMIE Jr. listed his home address as 61 Park Avenue in Windsor, CT from 2010 through 2015, the total period of supervision by that office

13. On December 12, 2018, this affiant viewed photos posted on MCKEMMIE's Facebook page. The screen name for the Facebook page is "Dave McKemmie" and this affiant recognized several photographs of MCKEMMIE from his Connecticut Driver's License and Department of Correction photos. The photos included on MCKEMMIE's page primarily related to MCKEMMIE's outdoor recreational activities and also included photos that indicate MCKIMMIE is in involved in construction. Additionally, there are several photos posted showing various vehicles parked in the back of 61 Windsor Avenue. Several of the vehicles are pickup trucks that have ladders and construction materials stored on them. There are a total of

twelve such images, each of which contain depictions of various vehicles, the most recent picture having been posted on November 5, 2017. Although the license plates are not visible, each of the vehicles matches descriptions of vehicles registered to MCKEMMIE (ie a white Chevrolet Silverado; a Blue Ford Super Duty truck and a black 2010 Cadillac). Additionally, one of the vehicles in several of the images is a white Chevrolet Silverado. This affiant has seen this vehicle parked in the rear of 61 Park Avenue on a regular basis and usually has ladders on it.

14. This affiant conducted a work history query with the State of Connecticut Department of Labor for David MCKEMMIE Jr. The query produced negative results, stating that MCKIMMIE had no wage records recorded with the Department of Labor with the past five years.

15. During surveillance conducted by the ATF Hartford Field Office from November 27, 2108 through December 17, 2018, as noted above, investigators have seen at least two vehicles, a gray Subaru and a white Chevrolet Silverado, parked behind the residence that are believed to belong to MCKEMMIE. The Chevrolet Silverado has been present on a regular basis. Additionally, Frank Peters has been seen on several occasions in the driveway behind the house going in and out of a two-car, detached garage that is located behind the residence. The garage bay doors have been left open on several occasions while investigators have conducted surveillance and it appears that the garage is being used to store tools and construction materials, among other items. Further, on December 14, 2018, investigators initiated surveillance on 61 Park Avenue at approximately 0530 hours. At approximately 0545 hours, the lights in the living room of the residence turned on and individual could be seen in the window stretching. At approximately 0602 hours, a male, who was not Frank Peters, was observed outside the

6

residence. The male entered a white box truck that was behind the residence and moved it in front of the garage. The male then opened the garage and appeared to be doing something between the truck and the garage. At approximately 0634 hours, the male entered the white Chevrolet Silverado and exited the area. Investigators were unable to obtain a license plate of the Silverado but observed it to be the same vehicle depicted in MCEKMMIE's Facebook photos and the same vehicle that is regularly parked behind the residence. At approximately 0703 hours, a second male arrived at 61 Park Avenue in a gray pickup truck. This individual parked the pickup, entered the box truck and left the area. At approximately 0717 hours, Peters was observed exiting the residence, entering the Ford Taurus registered to him and driving out of the area.

16. It is this affiant's belief that MCEKEMMIE is operating a construction business and that he is utilizing the detached garage at 61 Park Avenue to store tools and materials used in his trade. This belief is based on my personal observations, the observations of other members of my office as well as information learned during the course of this investigation including that MCKEMMIE is listed with the State of Connecticut as the agent for a business named Nu'Image, LLC, with a business address of 61 Park Avenue in Windsor, CT.

## PROBABLE CAUSE

17. On December 07, 2018, the United States Postal Inspection Service (USPIS), obtained information related to shipments delivered to 61 Park Avenue in Windsor, CT. The shipment information did not contain details related to the shipper, the recipient and/or the contents of the parcels but only the city and state from which the package was sent, the cost of the shipment and that it was received at 61 Park Avenue in Windsor, CT.

18.     Upon reviewing the shipment information this affiant observed that on August 21, 2017, a package was received at 61 Park Avenue in Windsor, CT that had been shipped from Rainer, OR. This was the only package received at 61 Park Avenue from Rainer, OR. JNC Manufacturing is headquartered in Rainer, OR and this shipment is most likely the Glock Conversion Kit purchased by MCKEMMIE Jr. Further, this affiant also observed that the last package received at 61 Park Avenue prior to the shipment from Rainer, OR was a shipment from Prineville, OR. This affiant contacted members of the ATF Seattle Field Division who stated that Survivalops.com is located in Prineville, OR. They stated that Survivalops.com is also a manufacturer of Glock Machine Gun Conversion kits. A second shipment from Prineville, OR was received at 61 Park Avenue on October 02, 2018.

19.     On that same date, this affiant observed that at total of eight (8) shipments had been received at 61 Park Avenue from Fuquay Varina, NC from July of 2018 through November 09, 2018. This affiant determined that Sovereign Guns is a manufacturer and distributor of Glock parts, located in Fuquay Varina, NC. An inquiry with Sovereign Guns determined that a total of three (3) shipments were made to David MCKEMMIE of 61 Park Avenue from September 26, 2018 through November 09, 2018. The purchases were for a total of four (4) Glock slides and parts used in the construction of a Glock pistol. The purchases were made via Ebay with MCKEMMIE utilizing screennames of dmckemmie22511 and dmc-dmc-qwnubywp. Sovereign Guns could not account for the other four shipments received at 61 Park Avenue from Fuquay Varina, NC[2].

---

2 It should be noted that the response provided by Sovereign Guns showed that the unit price for each of the slides was listed from $370.00 to $420.00 with an approximate cost of $1,600 for all four items.

20.     On that same date, this affiant also noted that there were a total of four shipments received from Dayton, NV from July of 2018 through November 20 of 2018. This affiant determined that Polymer 80 is located in Dayton, NV.  Polymer 80 is a company that manufactures and distributes unfinished Glock receivers, also known as 80%[3] receivers. On December 13, 2018, in response to a Grand Jury subpoena, Polymer 80 provided details related to purchases made by MCKEMMIE and shipped to David A McKemmie, Nu'Image[4], 61 Park Avenue in Windsor, CT with at phone number of 860-841-1998 and an email address of dmckemmie225@yahoo.com (TARGET ACCOUNT). The four purchases included three (3) .308 80% lower receivers and jigs; one (1) .308 lower parts kit; five (5) 80% AR-15 lower receivers; two (2) G150 lower receivers with jigs; one (1) set of black MBUS sights and one (1) PF490SC 80% subcompact frame. The total cost for these items was $1,185.77.

21.     On December 11, 2018, this affiant contacted Daytona Tactical of Holly Hills, FL. This affiant had noted that there were a number of shipments to 61 Park Avenue from Daytona Beach, FL.  Daytona Tactical is a supplier of parts used in the assembly of AR-15 rifles that operation in the Daytona Beach area.  Daytona Tactical confirmed that they sent a total of four separate shipments to David MCKEMMIE at 61 Park Ave in Windsor, CT from August 12, 2018 through October 05, 2018.  In addition to a shipment address of 61 Park Avenue in Windsor, CT, MCKEMMIE provided an email address of dmckemmie225@yahoo.com (TARGET ACCOUNT) and a contact phone number of 860-841-1988. The purchases made by

---

3 An 80% receiver is a partially completed firearm frame that needs additional special tooling and skills to complete to the point that it meets the federal definition of a firearm.  80% receivers are not subject to federal firearms regulations.

4 A review of MCKEEMIE's Facebook profile shows that he lists himself as the Former Owner at Nu Image. He is also listed with the State of Connecticut as the agent for Nu'Image, LLC of 61 Park Avenue in Windsor, CT.

MCKEMMIE included: eight (8) AR-15 lower parts kits; one (1) 300 Blackout Upper Charging Handle; two (2) .308 AR10 rifle kits; two (2) stainless steel rifle barrels; two (2) AR-15 uppers; one (1) 30 round magazine; two (2) AR-15 80% lower receivers and jig; two (2) bolt carrier groups; one (1) AR-15 stock; and one (1) Pistol upper. The total cost for these items was $1,966.15.

22. On December 11, 2018, members of the ATF Hartford Field Office conducted an insurance claim inquiry and determined that in December of 2017, MCKENNIE was involved in an automobile accident and provided a phone number of 860-841-1988 and a home address of 61 Park Avenue, Windsor, CT.

23. Based on my training and experience, the only purpose for items purchased by MCKEMMIE would be for use in the repair and/or assembly of firearms and, more specifically, Glock pistols and AR-15 style rifles. Based on the total volume of parts purchase in these orders, it is also my belief that there are enough parts to construct multiple firearms.

## BACKGROUND ON GUN TRAFFICKING VIOLATIONS

24. As set forth in my detail above, I have investigated and participated in numerous operations involving the criminal possession, procurement, construction, sale and distribution of firearms. I know, based upon my training and experience, that criminals involved in the illegal possession, purchase or transfer of firearms routinely maintain in their residences evidence and currency obtained from illegal sales, records indicating various illegal payments, profits and anticipated profits. Moreover, I know that individuals involved in the illegal possession of firearms and ammunition not only possess firearms and ammunitions but also evidence relating to the acquisition of said items such

10

as shipment labels and purchase receipts. I know that individuals engaged in the illicit distribution of firearms may be utilizing electronic equipment to include cellular phones, computers, computer modems and routers, discs, and computer software to facilitate communication, orders and processing, storage, transportation, payment and distribution of illegally transferred firearms. Additionally, I know that individuals that manufacture firearms maintain tools, such as drills, specific bits and other machinery for the construction and assembly of such items. It should also be noted that, as described above and in the attachment, the residence at 61 Park Avenue has a detached two car garage, located behind the residence. This affiant has personally observed what appears to be tool boxes, tools and construction materials inside of this garage and I believe that it is likely that many of the items detailed in this paragraph will be located in this garage. I also know individuals involved in the construction of firearms often have a work area or "work shop" where they can maintain all of the tools and parts necessary in the construction of firearms and that these "work shops" are often located in garages, basements and work rooms associated with the suspect's residence.

25. Based upon my training, experience, and participation in this and other firearm trafficking investigations, as well as information provided to me by other law enforcement officers involved in the investigation of illegal firearms trafficking, I know that:

   a. Most people store their firearms in their homes and their vehicles;
   b. Firearms and related components are not readily disposed of by individuals.
   c. Persons who possess firearms usually possess other items related to firearms, such as: gun cases, ammunition, ammunition magazines, holsters, spare parts, cleaning

  equipment, photographs of firearms and receipts for the purchases of these items, containers/boxes that were purchased with the firearm;

d. Persons who unlawfully engage in the business of selling firearms often maintain records that reflect their financial dealings;

e. Persons who unlawfully engage in the business of manufacturing firearms maintain parts, tools and machinery used in the construction of said firearms;

f. Persons who unlawfully engage in the manufacturing and sale of firearms maintain records related to the acquisition of related materials to include bills, shipping labels and shipping boxes;

g. Persons possess in their residence over which they have dominion and control, documents which indicate their occupancy and/or ownership, such as:

  i. Personal mail, check books, identification, notes, correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs, leases, mortgage bills, vehicle registration information, ownership warranties, and telephone answering machine introductions.

## CONCLUSION

26. It is this affiant's belief that, based on the items purchased by David MCKEMMIE Jr. and delivered to 61 Park Avenue in Windsor, CT, MCKIMMIE is constructing and/or attempting to construct semi-automatic and fully automatic firearms. The fact that MCKEMMIE is prohibited from lawfully obtaining and owning firearms also leads this affiant to believe that he is constructing firearms on his own as a way for him to own firearms that he could not otherwise possess. Further, the volume of items purchased, along with the cost of items purchased, leads this affiant to believe that MCKEMMIE may also be disturbing firearms, either as profitable venture and/or as a way to supplement the cost of his acquisition of firearms for his personal possession.

27. I have probable cause to believe and I do believe, that the items described in Attachment A, which constitute evidence, contraband, fruits, or instrumentalities of violations of Title 18, United States Code, Sections 922(g)(1) (possession of a firearm by a convicted felon) and 922(o) (possession of a machinegun), Title 26, United States Code, Sections 5861(b) (possession of an unregistered National Firearms Act firearm) and 5861(f) (manufacture of an NFA firearm).

28. I believe that public disclosure of the this Affidavit, the requested search warrant, and seizure warrant may: compromise the ongoing investigation; cause potential witnesses to flee or not come forward in fear of prosecution; cause individuals to destroy physical evidence or conceal proceeds of criminal activity; and jeopardize the safety of law enforcement officers. I therefore respectfully request that the Court order that this Affidavit, the requested arrest warrant, search warrant, and seizure warrant be sealed under further order of the Court.

Daniel L. Prather
ATF Special Agent

Sworn to and subscribed before me on this the 18th day of December 2018.

/s/ Sarah A. L. Merriam, USMJ
SARAH A.L. MERRIAM
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A1

## PLACE TO BE SEARCHED

### Location #1: 61 Park Avenue, Windsor, CT

This structure is a one story, single story structure with green clapboard siding, black shutters and a red front door.  The residence is located on Park Avenue, near the corner of Park Avenue and Sage Part Road.  There is a driveway to the left of the residence that leads to a two car garage located behind the residence.  To the right of the front door the residence is clearly marked with the number "61."   The storm door, located at the front entrance, is also clearly marked "61". The location also includes a single story, detached, two car garage located to the left of the residence at the end of the driveway.  The garage has a white front with two, white, garage bay doors and green, shingle siding.

 



## ATTACHMENT A2

## PLACE TO BE SEARCHED

### Location #2: Yahoo

Data, information and communications stored and maintained at the business premises controlled and operated by Yahoo at 701 First Avenue, Sunnyvale, CA 94089, related to email account dmckemmie225@yahoo.com.

## ATTACHMENT B1
## DESCRIPTION OF ITEMS TO BE SEIZED

### Location #1: 61 Park Avenue, Windsor, CT

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use of which is or has been used as the means of committing a criminal offense, namely, violations of 18 U.S.C. § 922(g)(1) and 922(o) and Title 26, United States Code §5861(b) and 5861(f), including:

a. books, records, receipts, notes, ledgers, and other papers and documentation relating to the communication, orders and processing, storage, transportation, payment, acquisition and/or distribution of firearms, firearms parts, and/or tools and equipment used in the manufacture of firearms;

b. records of firearms transactions; the evidence of financial transactions relating to obtaining, transferring, secreting or spending of sums of money made from engaging in firearms trafficking activities;

c. tools, drill bits, machining items and other evidence that supports the manufacturing of firearms;

d. cellular telephones, mobile telephone bills and address books and any other records or document reflecting the telephone numbers.

e. addresses or telephone numbers in books, papers, cellular telephones, tablets or computers, and their electronically stored contents, which reflect names, addresses, telephone numbers of and communications to or from their associates and/or clients in firearms trafficking activity and/or suppliers of firearms, firearms parts and/or tools and equipment used in the manufacture of firearms; photographs and videotapes of participants and associates in firearms trafficking activity and property acquired as a consequence of firearms trafficking activities;

f. firearms, ammunition and other weapons;

g. safes and other secure storage containers and their contents;

h. identification documents and keys evidencing a possessory interest in premises, vehicles and storage containers.

## ATTACHMENT B2

## DESCRIPTION OF ITEMS TO BE SEIZED

### Location #2: Yahoo

**I.    Information to be disclosed by the provider listed on the search warrant**

To the extent that the information described on the Search Warrant is within the possession, custody, or control of the provider, including any emails, records, files, logs, or information that has been deleted but is still available to the provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the provider is required to disclose the following information to the government for each account or identifier listed on the Search Warrant, for the time period of July 15, 2017 to the present:

a. The contents of all emails associated with the TARGET ACCOUNT, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each e-mail, the date and time at which each email was sent, the size and length of each e-mail, and any and all attachments to each e-mail;

b. All records or other information regarding the identification of the TARGET ACCOUNT, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the TARGET ACCOUNT was created, the length of service, the IP address used to register the TARGET ACCOUNT, log-in IP addresses associated with session times and dates, account status, account change history, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. Any and all content of services utilized by the TARGET ACCOUNT;

d. All records or other information stored at any time by an individual using the

17

TARGET ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, and files;

    e.    All records pertaining to communications between the provider and any person regarding the account, including contacts with support services and records of actions taken; and

    f.    The identity, subscriber information, and account change history (but not the contents) of any accounts that share a browser cookie with the TARGET ACCOUNT.

**II.    Information to be seized by the government**

    a.    All information described above in Section I, including photographs, images, videos, correspondence, communications, records, documents, electronic mail, electronic messages, chats, chat logs, notes, and other materials, in any format, that constitute fruits, evidence and instrumentalities of the crime of dealing without a license in violation of 18 U.S.C. § 922(g)(1) and 922(o) and Title 26, United States Code §5861(b) and 5861(f).

    b.    Credit card, financial information, and other information, including, but not limited to, bills and payment records, evidencing ownership of the TARGET ACCOUNT or identifier listed on the Search Warrant;

    c.    Evidence of who used, owned, or controlled the TARGET ACCOUNT or identifier listed on the Search Warrant;

    d.    Evidence of the times the TARGET ACCOUNT or identifier listed on Search Warrant was accessed or used; and

    e.    Passwords and encryption keys, and other access information that may be necessary to access the TARGET ACCOUNT listed on Search Warrant.